(91 Misc. Rep. 23)
## HEYWOOD BROS. & WAKEFIELD CO. v. LINCH.

(Supreme Court, Appellate Term, First Department, June 28, 1915.) .

1. APPEAL AND ERROR ⟨§⟩➡927—REVIEW—NONSUIT.

Where a complaint is dismissed at the close of plaintiff's case, the evidence offered by plaintiff must be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ⟨§⟩➡927.]

2. STREET RAILROADS ⟨§⟩➡117—COLLISION—ACTION FOR DAMAGES—QUESTION FOR JURY—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE. ·

Evidence in an action to recover for damages to plaintiff's truck from collision with defendant's street car held to make the defendant's negligence and the plaintiff's contributory negligence questions for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⟨§⟩➡117.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

. - Action by the Heywood Bros. & Wakefield Company against George W. Linch, as receiver of the Second Avenue Railroad Company. Judgment for defendant, dismissing the complaint at the close of plaintiff's case, and plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Fuller & Reuman, of New York City, for appellant.

Charles E. Chalmers, of New York City (Charles H. Tuttle and Harold R. Medina, both of New York City, of counsel), for respondent.

GUY, J. [1] When a complaint is dismissed at the close of plaintiff's case, the evidence offered by plaintiff must be taken by the court as true. · .

[2] This action was brought to recover for damages to plaintiff's truck, occasioned by a collision with a car of the defendant. The driver of the truck, an experienced man, testified that he was driving one of plaintiff's trucks with two horses south on Second avenue. He was on the west side of the avenue, between the south-bound ·track and the curb. As he reached the crosswalk at 122d street, he stopped in order to allow a lady and child to pass. He then looked north and south. He could see as far south as 121st street. He saw no car approaching in either direction. He then turned his horses east and drove across the avenue. His horses were going at ·what he termed "a little trot." He had gotten across the south-bound .track and the space between the tracks, and his horses and part of the truck had cleared the north-bound track, when the hind end of the truck was hit by a north-bound car and thrown against an elevated pillar, causing the injuries complained of. This was substantially corroborated by a police officer, who saw the car approaching rapidly. Another witness testified that he saw the car approaching, and that as it neared 122d street the motorman did not have his hand on the brake, but was standing with his back partly turned towards the

---
⟨§⟩➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

north and reaching up towards the roof of the car, apparently in an effort to turn the sign on top of the car.

None of the acts done by the driver constituted contributory negligence as a matter of law. Having looked in both directions as he was about to cross the street, and seeing no car in either direction, he had a right to continue his course, and to assume that a car approaching at least a block away would be under control when nearing the crossing.

The defendant claims that the recently decided case of Lopes v. This Defendant, 153 N. Y. Supp. 673, in the Appellate Division of this Department, controls this case. In the Lopes Case the wagon was drawn by one horse with a load approximately eight tons in weight. The father of the plaintiff was driving, and they were proceeding north on the east side of Second avenue. As they were about to cross to the west side at Thirty-Sixth street, both the plaintiff and his father looked and saw a car approaching "pretty fast." Without halting or changing their course they continued on their way, and just as they were "about to get on the track" again saw the car at a distance of "three pillars" of the elevated road away. The plaintiff then told his father to "go ahead," which he did. Plaintiff again looked when the car was 125 feet away, with its speed unchanged, and at this time the horse and some part of the wagon was on the track, and plaintiff then told his father "to whip the horse"—that the car was coming. Thus urged, the horse "tried all he could with the heavy load he had," and succeeded in getting all but the back part of the wagon clear, when it was struck. The foregoing statement is taken from the opinion of the court in that case, and it can be seen at once that the facts are materially different than in the case at bar. There must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.